LINKS: 59, 62, 64, 66, 67, 68

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, et al., | Case No. 2:11-CV-04766 MRP (MANx) |
| Plaintiffs, | |
| v. | **ORDER RE MOTIONS TO DISMISS THE COMPLAINT** |
| COUNTRYWIDE FINANCIAL CORPORATION, et al., | |
| Defendants. | |

This securities action concerns residential mortgage-backed securities ("RMBS") purchased by four plaintiffs (collectively, "Progressive" or "Plaintiffs") in three different offerings structured and sold by fifteen defendants. Plaintiffs allege causes of action against Countrywide Financial Corporation ("CFC"), several CFC subsidiaries, CFC's current parent companies Bank of America Corp. and NB Holdings, Corp., and several former officers and directors of the various Countrywide entities. Plaintiffs bring causes of action under the federal securities laws as well as California statutory and common law. Defendants moved to dismiss all causes of action as time-barred. Defendants rely upon *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 2011 WL 3558173 (C.D. Cal. Aug. 9, 2011) ("*Stichting*"), another Countrywide RMBS case recently decided by this Court. Countrywide Memo at 4, ECF No. 67; Mozilo Memo at 6, ECF No. 59; Sambol Memo at 1, ECF No. 62; Spector Memo at 3, ECF No. 64; Sieracki Memo at 1, ECF No. 68. The *Stichting* case held that nearly identical claims,[1] against identical defendants,[2] filed before Progressive's, were time-barred under both federal and California law. 2011 WL 3558173. Plaintiffs concede that "[w]hile the present case involves different plaintiffs and securities than the [*Stichting*] litigation, the two cases involve the same defendants, many of the same causes of action, and much of the same conduct." Opp. at 2, ECF No. 74.

Plaintiffs cite no legal authority in their Opposition, but rather state that they "respectfully disagree with the Court's opinion . . . and believe that no claims in either [*Stichting*] or the present litigation are time-barred." Opp. at 3. They further "adopt and incorporate" the arguments that Stichting raised in its opposition to the

---

[1] This case involves one claim, statutory aiding and abetting under Cal. Corp. Code. § 25504.1, which was not in *Stichting*. That claim is subject to the same two-year statute of limitations which required dismissal of the state law claims in *Stichting*.

[2] The *Stichting* case involved defendants who are not named in this action, but every Defendant named in this action was named in the *Stichting* action.

defendants' motions to dismiss that case. Opp. at 3. Plaintiffs therefore seem to agree with Defendants that the present case is indistinguishable from *Stichting* for purposes of these motions. The Court concurs in this assessment and Plaintiffs have provided no reason that the Court should reconsider or depart from its reasoning in *Stichting*. Accordingly, for the reasons set out in *Stichting*, Plaintiffs' Complaint is untimely. The Court **GRANTS** Defendants' motions to dismiss the Complaint in their entirety. Dismissal is **WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: November 16, 2011

Hon. Mariana R. Pfaelzer
United States District Judge